Mitchell F. Boomer (State Bar No. 121441)
Janelle J. Sahouria (State Bar No. 253699)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mail: Mitchell.Boomer@jacksonlewis.com
E-mail: Janelle.Sahouria@jacksonlewis.com

Attorneys for Defendant
CALIFORNIA UNITED MECHANICAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEBAN ALCAZAR, individually, and on behalf of other members of the general public similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA UNITED MECHANICAL, INC., a California corporation; and DOES 1 through 100, inclusive;<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1331, 1446**<br><br>**(FEDERAL QUESTION)**<br><br>*[Filed concurrently with Declarations of Janelle J. Sahouria and Tina Pellegrini; Civil Case Cover Sheet]*<br><br>State Complaint Filed:   09/13/2021 |

**TO THE HONORABLE JUDGE AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF:**

PLEASE TAKE NOTICE that Defendant CALIFORNIA UNITED MECHANICAL, INC. ("UMI"), by and through their counsel, invoke this Court's jurisdiction under 28 U.S.C. § 1331, 1441(a) & (c) and 1446 (a), (b), and (d), and remove the above-entitled Complaint filed by Plaintiff ESTEBAN ALCAZAR ("Plaintiff") to this Court from the Superior Court of the State of California in and for the County of Santa Clara ("Santa Clara Superior Court"). Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff

against Defendant and without conceding that Plaintiff has pled any claims upon which relief can be granted.  This removal is based on the following grounds:

**I.     PRELIMINARY STATEMENT OF JURISDICTION**

1.      This Court has original jurisdiction over this action under 28 U.S.C. § 1331, and this action is therefore one that may be removed to this Court by Defendant under 28 U.S.C. § 1441(a) because it is a civil action arising under the laws of the United States.

2.      On July 20, 2021, Plaintiff ESTEBAN ALCAZAR commenced an action in Santa Clara Superior Court entitled, *ESTEBAN ALCAZAR, an individual, Plaintiff v. CALIFORNIA UNITED MECHANICAL, INC., a California corporation; and DOES 1 through 100, inclusive*, Case No. 21CV388469.  A copy of the Summons and "Class Action Complaint" ("Complaint") is attached as **Exhibit A** to the Declaration of Janelle J. Sahouria ("Sahouria Decl.").

3.      In his Complaint Plaintiff asserts eight claims:  (1) unpaid overtime, California Labor Code §§ 510 and 1198; (2) unpaid meal period premiums, California Labor Code §§ 226.7 and 512(a); (3) unpaid rest period premiums, California Labor Code § 226.7; (4) unpaid minimum wage, California Labor Code §§ 1194 and 1197; (5) final wages not timely paid, California Labor Code §§ 201 and 202; (6) non-compliant wage statements, California Labor Code §§ 226(a); (7) unreimbursed business expenses, California Labor Code §§ 2800 and 2802; and (8) unfair competition law violation, California Business & Professions Code §§ 17200, *et seq*.  Each claim is asserted both individually and on behalf of a putative class defined as "[a]ll current and former hourly-paid or non-exempt employees of Defendants within the state of California at any time during the period of March 18, 2017 to final judgment."  (Sahouria Decl., ¶ 2, Ex. A, ¶ 13.)

4.      The Summons and Complaint were served on Defendant on October 20, 2021. (*Id*., ¶ 3, Ex. B.)  Thus, this Notice of Removal is within the thirty-day time limit for removal set forth in 28 U.S.C. § 1446(b).

5.      On November 18, 2021, Defendant answered Plaintiff's Complaint in the Superior Court of the State of California, County of Santa Clara (*Id*., ¶ 4, Ex. C.)

///

6. Pursuant to 28 U.S.C. § 1446(a), Defendant has attached all process, pleadings, and orders that have been filed, served, or received by Defendant in this action. (*Id.*, ¶¶ 2-6, Exs. A-D.) A true and correct copy of this Notice of Removal will be served upon all parties and filed with the Clerk of the Santa Clara Superior Court, in accordance with the provisions of 28 U.S.C. § 1446(d).

7. Venue lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1441(a), which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." As stated above, Plaintiff brought this action in Santa Clara Superior Court. Thus, venue properly lies in the United States District Court for the Northern District of California under 28 U.S.C. §§ 84(a), 1391(a) and 1441(a).

8. The United States District Court, San Jose Division, is the proper division for this action under Northern District of California, Local Rule 3-2(e), which states that all civil actions which arise in the County of Santa Clara shall be assigned to the San Jose Division.

9. To Defendant's knowledge, no fictitious "Doe" have been identified or served in this action. As such, their consent to this removal is not required." (Sahouria Decl., ¶ 7.)

## II. THIS CASE IS REMOVABLE BASED ON DIVERSITY JURISDICTION

### A. Federal Question (LRMA Preemption).

10. This Court has original jurisdiction under 28 U.S.C. § 1331, and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action that presents a federal question. This action arises under Section 301 of the Labor Management Relations Act ("LMRA" or "Section 301"), 29 U.S.C. § 185, which is an act of Congress over which this Court has original jurisdiction without regard to the amount in controversy pursuant to 28 U.S.C. § 1331.

11. Section 301 provides the basis for federal jurisdiction and authorizes federal courts to develop federal common law in interpreting and applying collective bargaining agreements. *See Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 411-13 (1988); *Local 174, Teamsters of*

*Am. v. Lucas Flower Co.*, 369 U.S. 95, 103-05 (1962); *Textile Workers Union v. Lincoln Mills of Ala.*, 355 U.S. 448, 451-56 (1957); *Hernandez v. Pac. Mar. Ass'n*, 2010 U.S. App. LEXIS 10216, at **2-3 (9th Cir. 2010); *Hill v. Boeing Co.*, 765 F. Supp. 2d 1208, 1213-14 (9th Cir. 2011). To ensure the uniform interpretation and application of collective bargaining agreements, Section 301 preempts state law in the interpretation, application, and enforcement of collective bargaining agreements. *See id*.

12. Under the well-established "artful pleading" doctrine, a plaintiff may not avoid Section 301 preemption by omitting from the complaint any reference to the applicable collective bargaining agreement or federal labor law. *See Stallcop v. Kaiser Found. Hosp.*, 820 F.2d 1044, 1048 (9th Cir. 1987). Instead, the district court must look beyond the face of the complaint to determine whether the plaintiff's claims are either based on rights created by, or require an interpretation of, a collective bargaining agreement. *See id.* at 1048-49 (stating that "if the complaint actually raises a section 301 claim on the collective bargaining agreement, even though it is framed under state law, the claim is preempted"); *see also Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997–98 (9th Cir. 1987) (concluding that the district court "properly looked beyond the face of the complaint to determine" whether plaintiff's claim was preempted under Section 301); *Carr v. Allied Waste Sys.*, 2013 U.S. App. LEXIS 8222, at *2 (9th Cir. 2013). Thus, the preemptive force of Section 301 "'converts an ordinary state commonlaw [*sic*] complaint into one stating a federal claim for purposes of the well-pleaded complaint rule'" thereby making it removable to federal court. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007).

13. To determine whether a state law claim is preempted by Section 301, courts focus on "whether evaluation of [the state law claim] is inextricably intertwined with consideration of the terms of the labor contract." *Allis-Chambers Corp. v. Lueck*, 471 U.S. 202, 213 (1985) (*abrogated in part by 14 Penn Plaza LLC v. Pyett*, 556 U.S. 247 (2009) as discussed in *Coleman v. S. Wine & Spirits of Cal., Inc.*, 2011 U.S. Dist. LEXIS 84592, **16–17, n.7 (2011)). Any state law claim that is "substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract" is completely preempted by Section 301. *See id.* at 220.

1  In addition, when the right asserted under a cause of action "exists solely as a result of the CBA, then the claim is preempted, and our analysis ends there." *Burnside*, 491 F.3d at 1059.

14. Plaintiff worked for UMI from January 5, 2015, to February 14, 2018, as a material expeditor, a non-exempt position. (Declaration of Tina Pellegrini ("Pellegrini Decl."), ¶ 5.)

15. As a material expeditor, Plaintiff was a member of Sheet Metal Workers' International Association Local Union No. 104 ("SMWIA"). (*Id*.) The wages, hours, and working conditions of Plaintiff's employment were governed by the Collective Bargaining Agreement ("the "CBA") entered into between the Bay Area Association of the Sheet Metal and Air Conditioning Contractors' National Association ("SMACNA") and SMWIA effective starting July 1, 2006. (*Id*., ¶¶ 5-6, Ex. A.) UMI is a member of Bay Area Association of SMACNA and is bound by the CBA. (*Id.*, ¶ 5.)

16. Here, Plaintiff's claims are preempted by Section 301. The Ninth Circuit applies a two-step process for determining whether Section 301 exemption applies. *Burnside v. Kiewit Pacific Corp.,* 491 F.3d 1053, 1059 (9th Cir. 2007). First, the Court determines whether a cause of action involves a right conferred by virtue of state law, not by a CBA. *Id*. If only by CBA, then preemption applies. *Id*. If state law provides the right, then the Court moves to the second step and considers whether the CBA is "substantially dependent" on analysis of the claim. *Id*. If so, then preemption applies. *Id*.

17. Each of Plaintiff's claims in this action are founded directly on rights created by the applicable CBA. (Pellegrini Decl., ¶ 5, Ex. A.) Accordingly, the proper interpretation of these claims would substantially depend on an in-depth analysis of the CBA's terms.

18. Plaintiff and other putative are members of the SMWIA and subject to the CBA. Other putative class members are members of various other unions which are governed by similar collective bargaining agreements that dictate working conditions and wage and hour requirements. (*Id*, ¶ 7.) Accordingly, every cause of action in Plaintiff's Complaint are preempted by Section 301 of the LMRA.

///

19. This action falls within the District Court's original jurisdiction under 28 U.S.C. § 1331, which provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

20. This action may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. 1441(b) in that the relief sought in the Complaint by Plaintiff, on behalf of themselves and all putative class members they seek to represent, arises under and is completely preempted by Section 301, which states: "Suits for violation of [collective bargaining agreements] . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

21. At all relevant times, Defendant has been, and is, a corporation engaged in commerce and in an industry affecting commerce, and has been, and is, engaged in the provision of construction and repair work at various facilities, including for businesses that engage in interstate commerce such as technology and biotech companies. (Pellegrini Decl., ¶ 3.)

22. At all relevant times, SMWIA has been, and is a labor organization, within the meaning of Section 2(5) and 301(a) of the LMRA, 29 U.S.C. §§ 152(5) and 185(a), in which the named Plaintiff and many employees of Defendant participate and which exists for the purpose of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, and conditions of work.

23. Each of Plaintiff's claims in the Complaint require a detailed analysis of the CBA in that the CBA governs hour of work, regular and overtime compensation, breaks, and various other conditions of employment that tie directly to the alleged violations of California law asserted in the action.

24. Further, the promotion of extra-judicial dispute resolution is another purpose of Section 301 preemption. Here, the CBA outlines the procedures to grieve disputes arising from the CBA. Therefore, interpretation of this language of the CBA is necessary to analyze Plaintiff's claims in this case. Accordingly, this case is preempted by Section 301 of the LMRA.

///

6    Case No.                  .
NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT
UNDER 28 U.S.C. §§ 1332, 1446

**B.  Supplemental Jurisdiction.**

25. To the extent that there are remaining claims for relief that do not arise under Federal law or are not completely preempted by Section 301 (including, among other things, any claims by the small percentage of non-union putative class members), these claims are within the supplemental jurisdiction of this Court under 29 U.S.C. § 1367(a) in that they are so related to the Section 301 claims that they form part of the same case or controversy under Article III of the United States Constitution. In the alternative, any such other claims for relief are separate and independent claims which are properly removable to this Court pursuant to 28 U.S.C. § 1441(c).

### III. NOTICE TO PLAINTIFF AND STATE COURT

26. In accordance with 28 U.S.C. § 1446(d), Defendant's counsel certifies that a copy of this Notice of Removal and all supporting papers will be served on Plaintiff's counsel and filed with the Clerk of the Santa Clara County Superior Court.  (Sahouria Decl., ¶ 8.) As such, all procedural requirements under Section 1446 are satisfied.

### IV. CONCLUSION

For the reasons set forth above, Defendant maintain that this action is properly removed to this Court.

Dated:  November 19, 2021                JACKSON LEWIS P.C.

By: _____
Mitchell F. Boomer
Janelle J. Sahouria
Attorneys for Defendant
CALIFORNIA UNITED MECHANICAL, INC.