DOUGLAS HAN (SBN 232858)
dhan@justicelawcorp.com
SHUNT TATAVOS-GHARAJEH (SBN 272164)
statavos@justicelawcorp.com
CHRISTOPHER PETERSEN (SBN 260631)
cpetersen@justicelawcorp.com
**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Avenue, Suite 101
Pasadena, California 91103
Tel: (818) 230-7502
Fax: (818) 230-7259

*Attorneys for* Plaintiff

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEBAN ALCAZAR, individually, and on behalf of other members of the general public similarly situated; <br><br> Plaintiff, <br><br> v. <br><br> CALIFORNIA UNITED MECHANICAL, INC., a California corporation; and DOES 1 through 100, inclusive; <br><br> Defendants. | Case No.: 3:21-cv-09003-TLT <br><br> **FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES** <br><br> (1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime) <br> (2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums); <br> (3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums); <br> (4) Violation of California Labor Code §§ 1194 and 1197 (Unpaid Minimum Wages); <br> (5) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid); <br> (6) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements); <br> (7) Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses); <br> (8) Violation of California Labor Code §§ 2698, *et seq.* (Private Attorneys General Act of 2004); <br> (9) Violation of California Business & Professions Code §§ 17200, *et seq.* <br><br> **DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff ESTEBAN ALCAZAR ("Plaintiff"), individually, and on behalf of other members of the general public similarly situated, and alleges as follows:

## JURISDICTION AND VENUE

1.      This class action was originally brought in the Superior Court for the County of Santa Clara pursuant to California Code of Civil Procedure section 382. This Court has asserted jurisdiction over this action pursuant to section 301 of the Labor Management Relations Act of 1947, 29. U.S.C. Section 185.

2.      Upon information and belief, Defendant CALIFORNIA UNITED MECHANICAL, INC. is a California corporation doing business in California, and at all times hereinafter mentioned, has employers whose employees are engaged throughout this District and throughout the State of California. Defendants maintain offices, have agents, and are licensed to transact and do transact business in this District.

## PARTIES

3.      Plaintiff ESTEBAN ALCAZAR is an individual residing in the State of California.

4.      Defendant CALIFORNIA UNITED MECHANICAL, INC., at all times herein mentioned, was and is, upon information and belief, a California corporation, and at all times herein mentioned, an employer whose employees are engaged throughout the State of California, including the County of Santa Clara.

5.      At all relevant times, Defendant CALIFORNIA UNITED MECHANICAL, INC. was the "employer" of Plaintiff within the meaning of all applicable California laws and statutes.

/ / /

/ / /

/ / /

6.    At all times herein relevant, Defendants CALIFORNIA UNITED MECHANICAL, INC., and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and/or assigns, each of the other, and at all times relevant hereto were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators and/or assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization and/or consent of each defendant designated as a DOE herein.

7.    The true names and capacities, whether corporate, associate, individual or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sues said defendants by such fictitious names.  Plaintiff is informed and believes, and based on that information and belief alleges, that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint, and unlawfully caused the injuries and damages to Plaintiff and the other class members as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

8.    Defendant CALIFORNIA UNITED MECHANICAL, INC. and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

9.    Plaintiff further alleges that Defendants, directly or indirectly, controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff and the other class members and aggrieved employees so as to make each of said Defendants and employers liable under the statutory provisions set forth herein.

## CLASS ACTION ALLEGATIONS

10.    Plaintiff brings this action on his own behalf and on behalf of all other members of the general public similarly situated, and, thus, seeks class certification under Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure.

/ / /

11.     The proposed class is defined as follows:

All current and former hourly-paid or non-exempt employees of Defendants within the State of California at any time during the period from September 13, 2017, to final judgment.

12.     Plaintiff reserves the right to establish subclasses as appropriate.

13.     The class is ascertainable and there is a well-defined community of interest in the litigation:

    a.     <u>Numerosity</u>: The class members are so numerous that joinder of all class members is impracticable. The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

    b.     <u>Typicality</u>: Plaintiff's claims are typical of all other class members as demonstrated herein. Plaintiff will fairly and adequately protect the interests of the other class members with whom he has a well-defined community of interest.

    c.     <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of each class member, with whom he has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no interest that is antagonistic to the other class members. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

/ / /

/ / /

d.  <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

e.  <u>Public Policy Considerations</u>: Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

14.  There are common questions of law and fact as to the class members that predominate over questions affecting only individual members. The following common questions of law or fact, among others, exist as to the members of the class:

a.  Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

b.  Whether Defendants failed to pay their hourly-paid or non-exempt employees within the State of California for all hours worked;

c.  Whether Defendants required Plaintiff and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

d.  Whether Defendants properly calculated the regular rate for Plaintiff and the other class members who worked overtime and earned incentive pay;

e.  Whether Defendants failed to provide Plaintiff and the other class members legally mandated meal and/or rest periods and failed to compensate them the related premium wages pursuant to California Labor Code section 226.7(c);

f.  Whether Defendants failed to pay minimum wages to Plaintiff and the

other class members for all hours worked;

g.    Whether Defendants failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

h.    Whether Defendants failed to timely pay all wages due to Plaintiff and the other class members during their employment;

i.    Whether Defendants complied with wage reporting as required by the California Labor Code, including, *inter alia*, section 226;

j.    Whether Defendants failed to keep complete or accurate payroll records for Plaintiff and the other class members;

k.    Whether Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs;

l.    Whether Defendants' conduct was willful or reckless;

m.    Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code sections 17200, *et seq.*;

n.    The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

o.    Whether Plaintiff and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

15.    Class certification of the First through Ninth causes of action is appropriate pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure because the aforementioned questions of law and fact common to the class predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices have unlawfully denied Plaintiff and the other class members of wages for all hours worked and overtime compensation, have denied them meal period premiums for all meal periods that were not provided in compliance with the applicable Industrial Welfare Commission ("IWC") Wage Order and California Labor Code, have denied them rest period

premiums for all rest periods that were not provided in compliance with the applicable IWC
Wage Order and California Labor Code, have denied them minimum wages, have denied them
timely payment of their wages upon termination and during employment, have denied them of
accurate wage statements and payroll records in compliance with the California Labor Code,
have denied them from getting reimbursed for necessary business related expenses, and amount
to unfair competition under California Business and Professions Code sections 17200, *et seq*.
The damages suffered by individual class members are relatively small compared to the expense
and burden of individual prosecution of this litigation. For this reason, as well as the fact that
class members currently employed by Defendants may fear direct or indirect retaliation from
Defendants for prosecuting an action against Defendants, the class members' interests in
individually controlling the prosecution of this action is minimal. In addition, a class action in
this forum is desirable as it will eliminate the risk of inconsistent rulings regarding the legality of
Defendants' policies, practices, and procedures. Managing this case as a class action will not
present difficulties as the parties can utilize approved methods of random statistical sampling and
expert testimony at trial.

16.    Once class certification is granted, Plaintiff shall send notice to all members of the
class consistent with the requirements of Rule 23(c)(2) of the Federal Rules of Civil Procedure.
Specifically, Plaintiff will submit a proposed notice to the Court for its approval, stating (i) the
nature of this action, (ii) the definition of the class certified, (iii) the class claims, issues, or
defenses, (iv) that a class member may enter an appearance through an attorney if the member so
desires, (v) that the Court will exclude from the class any member who requests exclusion, (vi)
the time and manner for requesting exclusion, and (vii) the binding effect of a class judgment on
class members under Rule 23(c)(3).

## GENERAL ALLEGATIONS

17.    During the relevant time period set forth herein, Defendants employed Plaintiff
and other persons as hourly-paid or non-exempt employees within the State of California,
including the County of Santa Clara.

/ / /

18.     Defendants, jointly and severally, employed Plaintiff as an hourly-paid non-exempt employee during the relevant time period in the State of California, County of Santa Clara.

19.     Defendants had the authority to hire and terminate Plaintiff and the other class members; to set work rules and conditions governing Plaintiff's and the other class members' employment; and to supervise their daily employment activities.

20.     Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other class members' employment for them to be joint employers of Plaintiff and the other class members.

21.     Defendants directly hired and paid wages and benefits to Plaintiff and the other class members.

22.     Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

23.     Plaintiff and the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

24.     Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a uniform policy and systematic scheme of wage abuse against their hourly-paid or non-exempt employees within the State of California, involving, *inter alia*, failing to pay them for all hours worked, and failing to provide legally mandated meal and rest breaks or pay related premium wages, in violation of California law.

25.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for overtime compensation and that Plaintiff and the other class members were not receiving wages for overtime compensation.

26.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other class members the required meal and rest periods during the relevant time period as required under the IWC Wage Orders and thus they are entitled to any and all applicable penalties.

27.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed.

28.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a rest period was missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed.

29.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked.

30.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and they did not, in fact, receive all such wages owed to them at the time of their discharge or resignation.

31.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive their wages within a specified time period during their employment, and that Plaintiff and the other class members did not, in fact, receive such wages within the specified time period during their employment.

32.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive

complete and accurate wage statements in accordance with California law, but, in fact, they did not receive complete and accurate wage statements from Defendants. The deficiencies included, *inter alia*, the failure to include the total number of hours worked by Plaintiff and the other class members.

33.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll records for Plaintiff and the other class members in accordance with California law, but, in fact, did not keep complete and accurate payroll records for Plaintiff and the other class members.

34.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to reimbursement for necessary business-related expenses.

35.     Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and the other class members that they were properly denied wages, all in order to increase Defendants' profits.

36.     During the relevant time period set forth herein, Defendants failed to pay overtime wages to Plaintiff and the other class members for all hours worked. Plaintiff and other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation.

37.     During the relevant time period set forth herein, Defendants failed to provide the requisite uninterrupted and timely meal and rest periods to Plaintiff and the other class members and failed to compensate them the related premium wages.

38.     During the relevant time period set forth herein, Defendants failed to pay Plaintiff and the other class members at least minimum wages for all hours worked.

39.     During the relevant times set forth herein, Defendants failed to pay Plaintiff and the other class members all wages owed to them upon discharge or resignation.

40. During the relevant time period set forth herein, Defendants failed to pay Plaintiff and the other class members wages within a specified time period during their employment.

41. During the relevant time period set forth herein, Defendants failed to provide complete or accurate wage statements to Plaintiff and the other class members.

42. During the relevant time period set forth herein, Defendants failed to keep complete or accurate payroll records for Plaintiff and the other class members.

43. During the relevant time period set forth herein, Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs.

44. During the relevant time period set forth herein, Defendants failed to properly compensate Plaintiff and the other class members pursuant to California law in order to increase Defendants' profits.

45. California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

## FIRST CAUSE OF ACTION

### (Violation of California Labor Code §§ 510 and 1198)

### (Against CALIFORNIA UNITED MECHANICAL, INC. and DOES 1 through 100)

46. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 45, and each and every part thereof with the same force and effect as though fully set forth herein.

47. California Labor Code section 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

48. Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and the other class members employed by Defendants, who work(ed) more than eight (8) hours in a day or more than forty (40) hours in a workweek, at

the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

49.    The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

50.    California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

51.    During the relevant time period set forth herein, Plaintiff and the other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

52.    During the relevant time period set forth herein, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members.

53.    Defendants' failure to pay Plaintiff and the other class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

54.    Pursuant to California Labor Code section 1194, Plaintiff and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

## SECOND CAUSE OF ACTION

### (Violation of California Labor Code §§ 226.7 and 512(a))

### (Against CALIFORNIA UNITED MECHANICAL, INC. and DOES 1 through 100)

55.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 54, and each and every part thereof with the same force and effect as though fully set forth herein.

56.    During the relevant time period set forth herein, the IWC Wage Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and the other class members' employment by Defendants.

57.    During the relevant time period set forth herein, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

58.    During the relevant time period set forth herein, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

59.    During the relevant time period set forth herein, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

60.    During the relevant time period set forth herein, Plaintiff and the other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or without a rest period.

61.    During the relevant time period set forth herein, Plaintiff and the other class members who were scheduled to work for a period of time no longer than twelve (12) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than ten (10) hours without an uninterrupted meal period of not less

than thirty (30) minutes and/or without a rest period.

62.    During the relevant time period set forth herein, Plaintiff and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or without a rest period.

63.    During the relevant time period set forth herein, Plaintiff and the other class members who were scheduled to work for a period of time in excess of twelve (12) hours were required to work for periods longer than ten (10) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or without a rest period.

64.    During the relevant time period set forth herein, Defendants intentionally and willfully required Plaintiff and the other class members to work during meal periods and failed to compensate Plaintiff and the other class members the full meal period premium for work performed during meal periods.

65.    During the relevant time period set forth herein, Defendants failed to pay Plaintiff and the other class members the full meal period premium due pursuant to California Labor Code section 226.7.

66.    Defendants' conduct violates the applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

67.    Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(c), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each work day that the meal period was not provided.

## THIRD CAUSE OF ACTION

### (Violation of California Labor Code § 226.7)

### (Against CALIFORNIA UNITED MECHANICAL, INC. and DOES 1 through 100)

68.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 67, and each and every part thereof with the same force and effect as though fully set forth herein.

69.    During the relevant time period set forth herein, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and the other class members' employment by Defendants.

70.    During the relevant time period set forth herein, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

71.    During the relevant time period set forth herein, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

72.    During the relevant time period set forth herein, Defendants required Plaintiff and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

73.    During the relevant time period set forth herein, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods.

74.    During the relevant time period set forth herein, Defendants failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7.

75.    Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

76.    Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(c), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

/ / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FOURTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 1194 and 1197)

### (Against CALIFORNIA UNITED MECHANICAL, INC. and DOES 1 through 100)

77.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 76, and each and every part thereof with the same force and effect as though fully set forth herein.

78.     During the relevant time period set forth herein, California Labor Code sections 1194, and 1197 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

79.     During the relevant time period set forth herein, Defendants failed to pay minimum wages to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194 and 1197.

80.     Defendants' failure to pay Plaintiff and the other class members the minimum wage as required violates California Labor Code sections 1194 and 1197. Pursuant to those sections, Plaintiff and other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorneys' fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

81.     Pursuant to California Labor Code section 1194.2, Plaintiff and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

## FIFTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 201 and 202)

### (Against CALIFORNIA UNITED MECHANICAL, INC. and DOES 1 through 100)

82.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 81, and each and every part thereof with the same force and effect as though fully set forth herein.

83.     During the relevant time period set forth herein, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid

at the time of discharge are due and payable immediately, and if an employee quits their employment, their wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of their intention to quit, in which case the employee is entitled to their wages at the time of quitting.

84.    During the relevant time period set forth herein, Defendants intentionally and willfully failed to pay Plaintiff and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

85.    Defendants' failure to pay Plaintiff and the other class members who are no longer employed by Defendants' their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

86.    California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

87.    Plaintiff and the other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

## SIXTH CAUSE OF ACTION

### (Violation of California Labor Code § 226(a))

### (Against CALIFORNIA UNITED MECHANICAL, INC. and DOES 1 through 100)

88.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 87, and each and every part thereof with the same force and effect as though fully set forth herein.

89.    During the relevant time period set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of their employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee,

(3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and the last four digits of their social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

90.     Defendants have intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements.  The deficiencies include but are not limited to: the failure to include the total number of hours worked by Plaintiff and other class members.

91.     As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and the other class members have suffered injury and damage to their statutorily protected rights.

92.     More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

93.     Plaintiff and the other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

/ / /

94. Plaintiff and the other class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h).

## SEVENTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 2800 and 2802)

### (Against CALIFORNIA UNITED MECHANICAL, INC. and DOES 1 through 100)

95. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 94, and each and every part thereof with the same force and effect as though fully set forth herein.

96. Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of their job duties or in direct consequence of their obedience to the directions of the employer.

97. Defendants have intentionally and willfully failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs. Plaintiff and the other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

## EIGHTH CAUSE OF ACTION

### (Violation of Labor Code §§ 2698, *et seq.* ("PAGA"))

### (Against CALIFORNIA UNITED MECHANICAL, INC. and DOES 1 through 100)

98. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 97, and each and every part thereof with the same force and effect as though fully set forth herein.

99. The Private Attorneys General Act of 2004 ("PAGA") expressly establishes that any provision of the California Labor Code which provides for a civil penalty to be assessed and collected by the California Labor and Workforce Development Agency ("LWDA"), or any of its departments, divisions, commissions, boards, agencies or employees for a violation of the

California Labor Code, may be recovered through a civil action brought by an aggrieved employee on behalf of themself, and other current or former employees.

100.    On February 6, 2023, Plaintiff provided written notice to the LWDA and Defendants of the specific provisions of the Labor Code he contends were violated, and the theories supporting his contentions. Attached hereto as **Exhibit 1** and incorporated by reference is a copy of the written notice to the LWDA. Plaintiff believes that on or about April 12, 2023, the sixty-five (65) days' notice period expired as to all Defendants. Thus, Plaintiff exhausted his administrative remedies.

101.    Plaintiff and the other non-exempt employees are "aggrieved employees" as defined by California Labor Code section 2699(c) in that they are all current or former hourly paid or non-exempt employees of Defendants employed in California at any time during the period from February 6, 2022, to the present, and one or more of the alleged violations was committed against them.

**Failure to Pay Minimum and Overtime Wages**

102.    At all times relevant herein, Defendants were required to compensate their non-exempt employees minimum wages for all hours worked and overtime wages for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a workweek, pursuant to the mandate of Labor Code sections 510, 1194, 1197, and 1198.

103.    As a policy and practice, Defendants failed to compensate Plaintiff and the other aggrieved current and former employees for all hours worked, resulting in a failure to pay all minimum wages and overtime wages, where applicable.

**Failure to Provide Meal Periods and Rest Breaks**

104.    At all times relevant herein, Defendants were required to authorize and permit their non-exempt employees to take a 10-minute rest break for every four (4) hours worked or major fraction thereof and were further required to provide their non-exempt employees with a 30-minute meal period for every five (5) hours worked, pursuant to the mandates of Labor Code sections 226.7 and 512(a).

/ / /

105.    As a policy and practice, Defendants failed to provide Plaintiff and the other aggrieved current and former employees with legally mandated meal periods and rest breaks and failed to pay proper compensation for this failure.

### Failure to Timely Pay Wages During Employment

106.    At all times relevant herein, Defendants were required to pay their employees within a specified time period pursuant to the mandate of Labor Code section 204.

107.    As a policy and practice, Defendants failed to pay Plaintiff and the other aggrieved current and former employees all wages due and owing them within the required time period.

### Failure to Timely Pay Wages Upon Termination

108.    At all times relevant herein, Defendants were required to pay their employees all wages owed in a timely fashion at the end of employment pursuant to the mandates of Labor Code sections 201 and 202.

109.    As a policy and practice, as a result of Defendants' Labor Code violations alleged above, Defendants failed to pay Plaintiff and the other aggrieved former employees their final wages, pursuant to the mandates of Labor Code sections 201 and 202.  Accordingly, Defendants owe waiting time penalties pursuant to Labor Code section 203.

### Failure to Provide Complete and Accurate Wage Statements

110.    At all times relevant herein, Defendants were required to keep *accurate* records regarding their California employees, pursuant to the mandates of Labor Code sections 226 and 1174.

111.    As a result of Defendants' various Labor Code violations, Defendants failed to keep accurate records regarding Plaintiff and the other aggrieved current and former employees. For example, Defendants failed in their affirmative obligation to keep accurate records regarding Plaintiff and the other aggrieved current and former employees' gross wages earned, total hours worked, all deductions, net wages earned, and all applicable hourly rates and the number of hours worked at each hourly rate.

/ / /

**Failure to Reimburse Business Expenses**

112.   At all times relevant herein, Defendants were required to reimburse their employees for any and all necessary expenditures or losses incurred by the employees in direct consequences of the discharge of their duties, pursuant to the mandates of Labor Code sections 2800 and 2802.

113.   As a policy and practice, Defendants regularly failed to reimburse Plaintiff and the other aggrieved current and former employees for all business expenses incurred and owed to them within the required time period.

**Penalties**

114.   Pursuant to California Labor Code section 2699, Plaintiff, individually, and on behalf of other current and former aggrieved employees, requests and is entitled to recover from Defendants, and each of them, civil penalties, interest, attorneys' fees and costs pursuant, including but not limited to:

    a.    Penalties under California Labor Code section 2699 in the amount of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation;

    b.    Penalties under California Code of Regulations Title 8 section 11040 in the amount of fifty dollars ($50) for each aggrieved employee per pay period for the initial violation, and one hundred dollars ($100) for each aggrieved employee per pay period for each subsequent violation;

    c.    Penalties under California Labor Code section 210 in addition to, and entirely independent and apart from, any other penalty provided in the California Labor Code in the amount of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation;

/ / /

d.    Penalties under Labor Code section 1197.1 in the amount of a hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred fifty dollars ($250) for each aggrieved employee per pay period for each subsequent violation;

e.    Wages under California Labor Code section 558 in addition to, and entirely independent and apart from, any other penalty provided in the California Labor Code;

f.    Any and all additional penalties as provided by the Labor Code and/or other statutes; and

g.    Attorneys' fees and costs pursuant to Labor Code sections 218.5, 1194, and 2699, and any other applicable statute.

## <u>NINTH CAUSE OF ACTION</u>

**(Violation of California Business & Professions Code §§ 17200, *et seq.*)**

**(Against CALIFORNIA UNITED MECHANICAL, INC. and DOES 1 through 100)**

115.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 114, and each and every part thereof with the same force and effect as though fully set forth herein.

116.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful and harmful to Plaintiff, other class members, to the general public, and Defendants' competitors. Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

117.    Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, *et seq.*

118.    A violation of California Business & Professions Code sections 17200, *et seq.* may be predicated on the violation of any state or federal law. In this instant case, Defendants' policy and practice of requiring Plaintiff and the other class members to work overtime hours without paying them proper compensation violate California Labor Code sections 510 and 1198.

Additionally, Defendants' policy and practice of requiring Plaintiff and the other class members to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a). Moreover, Defendants' policy and practice of failing to timely pay wages to Plaintiff and the other class members violate California Labor Code sections 201 and 202. Defendants also violated California Labor Code sections 226(a), 1194, 1197, 2800 and 2802.

119.    As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

120.    Plaintiff and the other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

121.    Pursuant to California Business & Professions Code sections 17200, *et seq.*, Plaintiff and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this action; an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws; and an award of costs.

## DEMAND FOR JURY TRIAL

Plaintiff, individually, and on behalf of other members of the general public similarly situated, requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other members of the general public similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1.    That this action be certified as a class action;

2.    That Plaintiff be appointed as the representative of the Class;

3.    That counsel for Plaintiff be appointed as Class Counsel; and

4.    That Defendants provide to Class Counsel immediately the names and most

current/last known contact information (address, e-mail and telephone numbers) of all class members.

**As to the First Cause of Action**

5.      That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and the other class members;

6.      For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7.      For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8.      For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194; and

9.      For such other and further relief as the Court may deem just and proper.

**As to the Second Cause of Action**

10.      That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512(a) and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and the other class members;

11.      That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

12.      For all actual, consequential, and incidental losses and damages, according to proof;

13.      For premium wages pursuant to California Labor Code section 226.7(c);

14.      For pre-judgment interest on any unpaid wages from the date such amounts were due;

15.      For reasonable attorneys' fees and costs of suit incurred herein; and

16.      For such other and further relief as the Court may deem just and proper.

25

### As to the Third Cause of Action

17.     That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and the other class members;

18.     That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

19.     For all actual, consequential, and incidental losses and damages, according to proof;

20.     For premium wages pursuant to California Labor Code section 226.7(c);

21.     For pre-judgment interest on any unpaid wages from the date such amounts were due; and

22.     For such other and further relief as the Court may deem just and proper.

### As to the Fourth Cause of Action

23.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194 and 1197 by willfully failing to pay minimum wages to Plaintiff and the other class members;

24.     For general unpaid wages and such general and special damages as may be appropriate;

25.     For pre-judgment interest on any unpaid compensation from the date such amounts were due;

26.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a); and

27.     For liquidated damages pursuant to California Labor Code section 1194.2; and

28.     For such other and further relief as the Court may deem just and proper.

### As to the Fifth Cause of Action

29.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the

time of termination of the employment of Plaintiff and the other class members no longer employed by Defendants;

30.    For all actual, consequential, and incidental losses and damages, according to proof;

31.    For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff and the other class members who have left Defendants' employ;

32.    For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

33.    For such other and further relief as the Court may deem just and proper.

**As to the Sixth Cause of Action**

34.    That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and the other class members, and willfully failed to provide accurate itemized wage statements thereto;

35.    For actual, consequential and incidental losses and damages, according to proof;

36.    For statutory penalties pursuant to California Labor Code section 226(e);

37.    For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h); and

38.    For such other and further relief as the Court may deem just and proper.

**As to the Seventh Cause of Action**

39.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the other class members for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

40.    For actual, consequential and incidental losses and damages, according to proof;

41.    For the imposition of civil penalties and/or statutory penalties;

42.    For punitive damages and/or exemplary damages according to proof at trial;

43.    For reasonable attorneys' fees and costs of suit incurred herein;

44.    For such other and further relief as the Court may deem just and proper.

### As to the Eighth Cause of Action

45.    That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 2698, *et seq.*, by failing to pay minimum and overtime wages, failing to provide meal periods and rest breaks, failing to timely pay wages during employment and upon termination, failing to provide complete and accurate wage statements, and failing to reimburse expenses;

46.    For civil penalties pursuant to Labor Code sections 2699 *et seq.*, for Defendants' violations of Labor Code sections 201, 202, 203, 204, 210, 218.5, 221, 226(a), 226.3, 226.7, 246, 432.5, 510, 512(a), 552, 558, 1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802;

47.    For costs and attorneys' fees pursuant to Labor Code sections 218.5, 1194, 2699, and any other applicable statute; and

48.    For such other and further relief that the court may deem just and proper.

### As to the Ninth Cause of Action

49.    That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, *et seq.* by failing to provide Plaintiff and the other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff and the other class members, failing to pay at least minimum wages to Plaintiff and the other class members, failing to pay Plaintiff's and the other class members' wages timely as required by California Labor Code sections 201 and 202.

50.    For restitution of unpaid wages to Plaintiff and all the other class members and all pre-judgment interest from the day such amounts were due and payable;

51.    For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, *et seq.*;

52.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

53.    For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, *et seq.*; and

54.    For such other and further relief as the court may deem just and proper.

Dated: August 29, 2023                         **JUSTICE LAW CORPORATION**


By:   /s/ Douglas Han
      _____
      Douglas Han
      Shunt Tatavos-Gharajeh
      Christopher Petersen
      *Attorneys for* Plaintiff

# EXHIBIT 1



JUSTICE
LAW
CORPORATION

751 N. Fair Oaks Ave., Ste. 101, Pasadena, CA 91103     T: (818) 230-7502     F: (818) 230-7259     www.JusticeLawCorp.com

February 6, 2023

**BY U.S. EMAIL/ELECTRONIC SUBMISSION**
PAGAfilings@dir.ca.gov
State of California
Labor & Workforce Development Agency
800 Capitol Mall, MIC-55
Sacramento, California 95814

     Re:    **<u>California United Mechanical, Inc.</u>**

Dear Representative:

    We have been retained to represent Esteban Alcazar against California United Mechanical, Inc. (including any and all affiliates, managers, members, subsidiaries, and parents, and their shareholders, officers, directors, and employees), any individual, owner, officer and managing agent, DOES 1-10 as an "Employer" or person acting on behalf of an "Employer" pursuant to California Labor Code section 558.1, and DOES 11-20[1] for violations of California wage-and-hour laws (hereinafter collectively referred to as "UMI"

    Mr. Alcazar is pursuing his California Labor Code section 2698, *et seq.*, the Private Attorneys General Act of 2004 ("PAGA") claim on a representative basis. Therefore, Mr. Alcazar may seek penalties and wages for violations of the Labor Code on behalf of the State of California and aggrieved employees, which are recoverable under PAGA. This letter is sent in compliance with the reporting requirements of California Labor Code section 2699.3.

    California United Mechanical, Inc., is a California corporation located at 2185 Oakland Road, San Jose, California, 95131.

    UMI employed Mr. Alcazar as an hourly-paid non-exempt employee within the relevant time period in the State of California. UMI directly controlled the wages, hours and/or working conditions of Mr. Alcazar and other aggrieved employees' employment, including direction, retention, scheduling, supervision, and termination.

    The "aggrieved employees" that Mr. Alcazar may seek penalties on behalf of are all current and former hourly-paid or non-exempt employees (whether hired directly or through a staffing agency) of UMI within the State of California.

---

[1] Mr. Alcazar does not know the true names or capacities, whether individual, partner or corporate, of DOES 1 through 20, inclusive, and for that reason, said DOES are designated under such fictitious names. Mr. Alcazar will amend this notice when the true names and capacities are known. Mr. Alcazar is informed and believes that each DOE was responsible in some way for the matters alleged herein and proximately caused Mr. Alcazar and other current and former aggrieved employees to be subject to the illegal employment practices, wrongs and injuries complained of herein.

LWDA
February 6, 2023
Page 2 of 6

UMI failed to properly pay its hourly-paid or non-exempt employees for all hours worked, failed to properly provide or compensate minimum and overtime wages and for meal and rest breaks, failed to issue compliant wage statements and failed to reimburse for all necessary business-related costs and expenses, thus resulting in other Labor Code violations as stated below.

Pursuant to *Huff v. Securitas Security Services*, 23 Cal. App. 5th 745, 751 (2018), an employee who brings a representative action and was affected by at least one of the violations alleged in the complaint has standing to pursue penalties on behalf of the state not only for that violation, but for violations affecting other employees as well. Accordingly, Mr. Alcazar has standing to pursue penalties on behalf of the state for violations affecting all the aggrieved employees at UMI, regardless of their classification, job title, location, or whether they were hired directly or through a staffing agency.

UMI has violated and/or continues to violate, among other provisions of the California Labor Code and applicable wage law, California Labor Code sections 201, 202, 203, 204, 210, 218.5, 221, 226(a), 226.3, 226.7, 246, 510, 512(a), 552, 558, 1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802, and the IWC Wage Orders.

California Labor Code sections 510, 1194, and 1198 require employers to pay at least minimum wage for all hours worked, pay time-and-a-half, or double-time overtime wages, and make it unlawful to work employees for hours longer than eight hours in one day and/or over forty hours in one week without paying the premium overtime rates. During the relevant time period, Mr. Alcazar and other aggrieved employees routinely worked in excess of 8 hours in a day and 40 hours in a week. UMI failed to compensate Mr. Alcazar and other aggrieved employees for all hours worked and performing off-the-clock work, including pre- and post-shift, donning and doffing uniforms, and during meal breaks. Therefore, Mr. Alcazar and other aggrieved employees were entitled to receive certain wages for overtime compensation, but they were not paid for all overtime hours worked.

California Labor Code section 246 requires that employers provide employees with paid sick leave of not less than one hour per every 30 hours worked. California Labor Code section 246(l) also requires that paid sick leave be paid at a non-exempt employee's regular rate of pay for the workweek in which the employee uses paid sick time or at a rate calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment. During the relevant time period, UMI failed to pay Mr. Alcazar and other aggrieved employees with paid sick leave that complied with California Labor Code section 246, by, for example, failing to pay paid sick leave at non-exempt employee's regular rate of pay or at a rate calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment.

LWDA
February 6, 2023
Page 3 of 6

California Labor Code sections 226.7 and 512 require employers to pay an employee one additional hour of pay at the employee's regular rate for each workday that a meal or rest break is not provided. During the relevant time period, UMI routinely required Mr. Alcazar and other aggrieved employees to work through, interrupt, cut short, and/or delay their meal and rest breaks to comply with UMI's policies and expectations. UMI failed to provide coverage to Mr. Alcazar and other aggrieved employees so they may be relieved of all work duties and take legally mandated meal and rest breaks. Lastly, UMI also failed to authorize and permit Mr. Alcazar and other aggrieved employees to take the requisite number of meal and rest breaks, including second meal breaks and third rest breaks, when working shifts exceeding 10 hours in length. Despite these facts, UMI failed to compensate Mr. Alcazar and other aggrieved employees all the premium wages they were owed, including failing to pay premium wages at Mr. Alcazar and other aggrieved employees' regular rate of pay.

California Labor Code section 201 requires that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately. California Labor Code section 202 requires that if an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. California Labor Code section 203 provides that if an employer willfully fails to pay, without abatement or reduction, in accordance with Labor Code sections 201 201.3, 201.5, 201.6, 201.8, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days. During the relevant time period, UMI failed to pay Mr. Alcazar and other aggrieved employees all wages, including for uncompensated off-the-clock work, unpaid overtime premiums and premium wages for failing to provide legally mandated meal and rest breaks, due to them within any time period specified by California Labor Code sections 201 and 203 and therefore is liable under California Labor Code section 203.

/ / /

/ / /

/ / /

LWDA
February 6, 2023
Page 4 of 6

California Labor Code section 204 requires that all wages earned by any person in any employment between the 1st and the 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and the 26th day of the month during which the labor was performed, and that all wages earned by any person in any employment between the 16th and the last day, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 1st and the 10th day of the following month. California Labor Code section 204 also requires that all wages earned for labor in excess of the normal work period shall be paid no later than the payday for the next regular payroll period. During the relevant time period, UMI failed to pay Mr. Alcazar and other aggrieved employees all wages due to them, including for uncompensated off-the-clock work, unpaid overtime premiums and premium wages for failing to provide legally mandated meal and rest breaks within any time period specified by California Labor Code section 204.

California Labor Code section 226 requires employers to make, keep and provide complete and accurate itemized wage statements to their employees. During the relevant time period, UMI did not provide Mr. Alcazar and other aggrieved employees with complete and accurate itemized wage statements. The wage statements they received from UMI were in violation of California Labor Code section 226(a). The violations include, but are not limited to, the failure to include (1) gross wages earned by Mr. Alcazar and other aggrieved employees, (2) total hours worked by Mr. Alcazar and other aggrieved employees, (3) the number of piece-rate units earned and any applicable piece rate by Mr. Alcazar and other aggrieved employees (4) all deductions for Mr. Alcazar and other aggrieved employees, (5) net wages earned by Mr. Alcazar and other aggrieved employees, (6) the inclusive dates of the period for which Mr. Alcazar and other aggrieved employees are paid, (7) the name of the aggrieved employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by Mr. Alcazar and other aggrieved employees.

California Labor Code section 552 states no employer of labor shall cause his employees to work more than six days in seven. Mr. Alcazar and other aggrieved employees were forced to work more than six days in seven without adequate day off and, therefore, are entitled to penalties.

/ / /

/ / /

LWDA
February 6, 2023
Page 5 of 6

California Labor Code section 558 allows recovery of penalties. (a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee. Mr. Alcazar and other aggrieved employees have been denied their wages and premium wages and, therefore, are entitled to penalties.

California Labor Code section 1174(d) requires an employer to keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept with rules established for this purpose by the commission, but in any case, shall be kept on file for not less than two years. During the relevant time period, UMI failed to keep accurate and complete payroll records showing the hours worked daily and the wages paid, to Mr. Alcazar and other aggrieved employees.

California Labor Code sections 1194, 1197 and 1197.1 provide the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful. During the relevant time period, UMI did not provide Mr. Alcazar and other aggrieved employees with the minimum wages to which they were entitled despite constructive and actual knowledge of off-the-clock work, including pre- and post-shift, donning and doffing uniforms, and during meal breaks.

California Labor Code sections 2800 and 2802 require an employer to reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.  During their employment, Mr. Alcazar and other aggrieved employees incurred necessary business-related expenses and costs that were not fully reimbursed by UMI, including using their personal phones for work related purposes, and using their personal vehicles for work related purposes.

We believe that Mr. Alcazar and other current and former California-based hourly-paid or non-exempt employees are entitled to penalties as allowed under California Labor Code section 2698, *et seq.* for violations of Labor Code sections 201, 202, 203, 204, 210, 218.5, 221, 226(a), 226.3, 226.7, 246, 510, 512(a), 552, 558, 1174(d), 1194, 1197, 1197.1, 1198, 2800 and 2802, and the IWC Wage Orders.

LWDA
February 6, 2023
Page 6 of 6

      California Labor Code section 2699.3 requires that a claimant send a certified letter to the employer in questions and the California Labor & Workforce Development Agency setting forth the claims, and the basis for the claims, thereby giving the California Labor & Workforce Development Agency an opportunity to investigate the claims and/or take any action it deems appropriate.

      The purpose of this letter is to satisfy the requirement created by California Labor code section 2699 prior to seeking penalties allowed by law for the aforementioned statutory violations.  We look forward to determining whether California Labor & Workforce Development Agency intends to take any action in reference to these claims.  We kindly request that you respond to this notice according to the time frame contemplated by the California Labor Code.

      Mr. Alcazar will seek these penalties on his own behalf and on behalf of other similarly situated California-based hourly-paid or non-exempt employees of UMI within one year of the date of this letter, as allowed by law.

      If you have any questions or require additional information, please do not hesitate to contact us.  Thank you for your attention to this matter and the noble cause you advance each and every day.

                    Very truly yours,

                    **JUSTICE LAW CORPORATION**

                    Douglas Han, Esq.


**CC: (Email Only)**

Mitchell F. Boomer
Mitchell.Boomer@jacksonlewis.com
Janelle J. Sahouria
Janelle.Sahouria@jacksonlewis.com
**JACKSON LEWIS P.C.**
50 California Street, 9th Floor
San Francisco, California 94111-4615
*Attorneys for* California United Mechanical, Inc.