DOUGLAS HAN (SBN 232858)
dhan@justicelawcorp.com
SHUNT TATAVOS-GHARAJEH (SBN 272164)
statavos@justicelawcorp.com
TALIA LUX (SBN 336074)
tlux@justicelawcorp.com
**JUSTICE LAW CORPORATION**
751 North Fair Oaks Avenue, Suite 101
Pasadena, California 91103
Tel: (818) 230-7502 / Fax: (818) 230-7259

*Attorneys for* Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTEBAN ALCAZAR, individually, and on behalf of other members of the general public similarly situated;<br><br>    Plaintiff,<br><br>  v.<br><br>CALIFORNIA UNITED MECHANICAL, INC., a California corporation; and DOES 1 through 100, inclusive;<br><br>    Defendants. | Case No.: 3:21-cv-09003-TLT<br><br>Assigned for All Purposes to:<br>Trina L. Thompson<br>Courtroom 9<br><br>**<u>CLASS ACTION</u>**<br><br>**NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Filed concurrently with Declaration of William Argueta; [Proposed] Order; and [Proposed] Judgment]<br><br>Date:   September 10, 2024<br>Time:   2:00 p.m.<br>Place:   Courtroom 9 |

Complaint Filed: September 13, 2021
FAC Filed:       August 29, 2023
Removed:         November 19, 2021
Trial Date:      None Set

NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT;
POINTS AND AUTHORITIES IN SUPPORT THEREOF

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on September 10, 2024 at 2:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 9 of the United States District Court for the Northern District of California, San Francisco Courthouse, located at 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiff Esteban Alcazar ("Plaintiff") will and herby does move this Court for an order:

1) Granting final approval of the class action settlement achieved in this matter and entering judgment pursuant to the terms of the Joint Stipulation and Settlement Agreement ("Settlement");

2) Fully and finally approving and directing distribution to the Class of the Net Settlement Amount pursuant to the terms of the Settlement;

3) Fully and finally approving the award of the attorneys' fees of $331,666.66 (1/3 of the Maximum Settlement Amount);

4) Fully and finally approving the attorneys' costs as reimbursement for actual litigation costs of $16,296.29;

5) Fully and finally approving the Enhancement Payment of $10,000 to Plaintiff;

6) Fully and finally approving Settlement Administration Costs of $14,500; and

7) Fully and finally approving the Private Attorneys General Act of 2004 Payment of $50,000, seventy-five percent (75%) of which ($37,500) will be paid to the California Labor and Workforce Development Agency and twenty-five percent (25%) of which ($12,500) will be paid to the subclass of Class Members employed by Defendant California United Mechanical, Inc. ("Defendant") in California as a non-exempt or hourly employee at any time during the period from July 10, 2020, through January 15, 2023.

/ / /

NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT;
POINTS AND AUTHORITIES IN SUPPORT THEREOF

1         This Motion shall be based upon this Notice of Motion and Memorandum of

2    Points and Authorities, all pleadings on file in this matter, and all oral and/or

3    documentary evidence as may be properly presented at the time of the hearing.

4

5    DATED: July 9, 2024                    **JUSTICE LAW CORPORATION**

6
                                           By: /s/ Douglas Han
7
                                               Douglas Han
8                                              *Attorneys for* Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT;
POINTS AND AUTHORITIES IN SUPPORT THEREOF

# TABLE OF CONTENTS

I.      INTRODUCTION............................................................................. 8

II.     THE PARTIES HAVE GIVEN THE BEST PRACTICABLE NOTICE OF
        THE SETTLEMENT ...................................................................... 8

III.    THE COURT SHOULD GRANT FINAL APPROVAL OF THE
        SETTLEMENT................................................................................ 9

        A.      Legal Standard ……………………………………………… 9

        B.      Strengths of the Case and Risks of Continued Litigation.................... 10

        C.      Amount Offered in Settlement............................................................ 12

        D.      Extent of Discovery Completed and the Stage of Proceedings .......... 12

        E.      Counsel Believe the Settlement is in the Best Interest of the Class......13

        F.      There are No Objections to the Settlement........................................14

IV.     THE REQUESTED ATTORNEYS' FEES AND COSTS AND
        ENHANCEMENT PAYMENT ARE REASONABLE................................14

V.      CONCLUSION............................................................................. 15

NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT;
POINTS AND AUTHORITIES IN SUPPORT THEREOF

1

## **TABLE OF AUTHORITIES**

2

**Federal Cases**

3
*Barnes v. Equinox Grp., Inc.,*

4
 2013 WL 3988804 (N.D. Cal. Aug. 2, 1013)....................................................10

5
*Bolton v. U.S. Nursing Corp.,*

6
 2013 WL 5700403 (N.D. Cal. Oct. 18, 2013) .................................................. 14

7
*Churchill Village v. Gen. Elec.,*

8
 361 F.3d 566 (9th Cir. 2004) ............................................................ 10

9
*City of Detroit v. Grinnell Corp.,*

10
 495 F.2d 448 (2nd Cir. 1974) ..........................................................12

11
*Class Plaintiffs v. City of Seattle,*

12
 955 F.2d 1268 (9th Cir. 1992)..........................................................14

13
*In re Cylink Sec. Litig.,*

14
 274 F. Supp. 2d 1109 (N.D. Cal. 2003) .............................................12

15
*Eisen v. Carlisle & Jacquelin,*

16
 417 U.S. 156 (1974)..................................................................... 8

17
*Ellis v. Naval Air Rework Facility,*

18
 87 F.R.D. 15 (N.D. Cal. 1980) ........................................................13

19
*Hanlon v. Chrysler Corp.,*

20
 150 F.3d 1011 (9th Cir. 1998) ................................................ 10, 14

21
*Isby v. Bayh,*

22
 75 F.3d 1191 (7th Cir. 1996)..........................................................13

23
*Linney v. Cellular Alaska P'ship,*

24
 151 F.3d 1234 (9th Cir. 1998) ........................................................12

25
*In re Mego Fin. Corp. Sec. Litig.,*

26
 213 F.3d 454 (9th Cir. 2000) ......................................................... 9

27

28

NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT;
POINTS AND AUTHORITIES IN SUPPORT THEREOF

## TABLE OF AUTHORITIES (cont'd)

*Mullane v. Cent. Hanover Bank & Trust Co.*,

    339 U.S. 306 (1950)..................................................................... 8

*Nat'l Rural Telecomms. Coop. v. DirecTV, Inc*.,

    221 F.R.D. 523 (C.D. Cal. 2004)........................................ 9, 10, 11

*Phillips Petroleum Co. v. Shutts*,

    472 U.S. 797 (1985)..................................................................... 8

*Rodriguez v. West Publ'g Corp*.,

    563 F.3d 948 (9th Cir. 2009) ..................................................... 10

*In re Syncor ERISA Litig*.,

    516 F.3d 1095 (9th Cir. 2008) ................................................... 10

*Torrisi v. Tucson Elec. Power Co*.,

    8 F.3d 1370 (9th Cir. 1993) ......................................................... 9

*Wren v. RGIS Inventory Specialists*,

    2011 WL 1230826 (N.D. Cal. Apr. 1, 2011).............................. 10

**Rules and Statutes**

Fed. Rule Civ. Proc. 23........................................................................... 8

Fed. Rule Civ. Proc. 23(c)(2)(b)............................................................. 8

Fed. Rule Civ. Proc. 23(e)……............................................................. 9

Fed. Rule Civ. Proc. 23(e)(1)................................................................. 9

NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT;
POINTS AND AUTHORITIES IN SUPPORT THEREOF

1

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.    INTRODUCTION

By this motion, Plaintiff seeks this Court's final approval of the Settlement reached in this matter by and between Plaintiff and Defendant (collectively, known as the "Parties").

This case is seeking relief for all current and former hourly-paid or non-exempt employees of Defendant within the State of California at any time during the period from September 13, 2017, through January 15, 2023 ("Class," "Class Members," and "Class Period").

## II.    THE PARTIES HAVE GIVEN THE BEST PRACTICABLE NOTICE OF THE SETTLEMENT

In approving a class action settlement, "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. Rule Civ. Proc. 23(c)(2)(B); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174-75 (1974) (individual notice must be sent to class members who can be identified through reasonable means); *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (best practicable notice is that which is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections"). The notice is sufficient for purposes of due process if it contains a description of the litigation and explanation of the right to opt out of the settlement. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985).

The notice procedure approved by the Court was and is the best notice practicable. On April 9, 2024, the Settlement Administrator received the Court-approved Class Notice that properly advised Class Members of their rights under the Settlement. Declaration of William Argueta on Behalf of Settlement Administrator With Respect to Opt Out and Objections Received filed concurrently herewith ("Argueta Decl."), 5. On April 11, 2024, Defendant delivered the Class Data to the

1  Settlement Administrator containing information for 1,520. Argueta Decl. at 6.

2      On April 23, 2024, CPT Group mailed Class Notices to 1,520 Class Members

3  via regular First-Class U.S. Mail and informed the Class Members that the Response

4  Deadline is August 13, 2024. Argueta Decl. at 7. If a Class Notice was returned, the

5  Settlement Administrator took the necessary steps to remail the returned Class Notice

6  by attempting to locate a new address. *Id.* at 8.

7      The Settlement Administrator received no disputes, no objections, and only

8  two (2) requests for exclusion. Argueta Decl. at 10-12.

9      The Court may proceed to determine the fairness and adequacy of the

10 Settlement and order its approval, secure in the knowledge that all Class Members

11 have been given the opportunity to participate fully in the approval process.

## III.  THE COURT SHOULD GRANT FINAL APPROVAL OF THE SETTLEMENT

### A.  <u>Legal Standard</u>

15     Pursuant to Federal Rule of Civil Procedure 23, "[t]he claims . . . of a certified

16 class may be settled, voluntarily dismissed, or compromised only with the court's

17 approval." Fed. R. Civ. P. 23(e)(1). The court must engage in a two-step process to

18 approve a proposed class action settlement. First, the court must decide whether the

19 proposed settlement deserves preliminary approval. *Nat'l Rural Telecomms. Coop.*

20 *v. DirecTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004). Second, after notice is given

21 to class members, the Court must determine whether final approval is warranted. *Id.*

22 A court should approve a class settlement under Rule 23(e) if it "is fundamentally

23 fair, adequate and reasonable." *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375

24 (9th Cir. 1993) (internal quotation marks omitted); *accord In re Mego Fin. Corp. Sec.*

25 *Litig.*, 213 F.3d 454, 458 (9th Cir. 2000) (citation omitted).

26 / / /

27 / / /

28 / / /

NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT;
POINTS AND AUTHORITIES IN SUPPORT THEREOF

Courts in the Ninth Circuit look to the following eight (8) factors to assess whether final approval of a settlement is warranted: "(1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount [that is] offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of class members to the proposed settlement." *Wren v. RGIS Inventory Specialists*, 2011 WL 1230826, at *6 (N.D. Cal. Apr. 1, 2011); *Churchill Village v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). "Not all of these factors will apply to every class action settlement" and "[u]nder certain circumstances, one factor alone may prove determinative in finding sufficient grounds for court approval." *Nat'l Rural Telcomms.*, 221 F.R.D. at 525-26. In addition, Ninth Circuit courts consider how the settlement was reached to ensure that it is not a product of fraud or collusion. *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009).

In considering these factors, courts recognize a strong judicial policy favoring settlements, particularly in the context of complex class litigation. *See In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008). There is no requirement to assess whether the settlement is ideal or the best outcome, but "only whether the settlement is fair, free of collusion, and consistent with Plaintiff's fiduciary obligations to the class." *Barnes v. Equinox Grp., Inc.*, 2013 WL 3988804, at *2 (N.D. Cal. Aug. 2, 1013) (quoting *Hanlon*, 150 F.3d at 1027).

## B. Strengths of the Case and Risks of Continued Litigation

Plaintiff will briefly address the strengths of the case and risks of continued litigation to avoid belaboring the points made in the Motion for Preliminary Approval of Class Action Settlement that was filed on October 10, 2023.

/ / /

Plaintiff's allegations were premised upon the following theories: (1) Defendant failed to provide employees with compliant meal and rest breaks; (2) Defendant failed to compensate employees for all hours worked; (3) Defendant failed to factor bonuses into employees' regular of pay; (4) Defendant failed to reimburse employees for necessary business expenses; (5) Defendant failed to provide employees and accurate wage statements; and (6) Defendant failed to provide employees the wages owed during and after their employment. Declaration of Douglas Han in Support of Motion for Preliminary Approval of class Action Settlement filed on October 10, 2023 ("Han Preliminary Decl."), ¶¶ 18-24, 35, 38-45, 51, 59.

The Settlement provides fair and prompt relief to all Class Members in lieu of lengthy and expensive continued litigation. Defendant repeatedly indicated its intent to seek decertification of the Class, which would have necessarily increased the time and resources expended by the Parties. If Defendant were unsuccessful, the Parties would then proceed to a class action trial that the Parties estimated would endure for about ten to fifteen (10-15) days, with the inherent possibility of appeal thereafter. The immediate and substantial recovery now, versus a years-long trial and appeal process regarding various potential issues, is a significant factor to be considered. *See Nat'l Rural Telecomms.*, 221 F.R.D. at 526-27 ("Avoiding such a trial and the subsequent appeals in this complex case strongly militates in favor of settlement rather than further protracted and uncertain litigation.").

By extension, the results obtained in this matter are certainly worthwhile as Class Counsel negotiated a settlement in the sum of $995,000 without the need for extended litigation that would have followed had the case not settled. In fact, had the case not been settled and went to trial, there was no guarantee that either party would have prevailed. This issue would have also been exacerbated by the legal expenses the Parties would have incurred from continued litigation. Even if the Parties did manage to reach a similar settlement at the later stages of this case, it would have

been undercut by the additional expenses incurred. Thus, in obtaining such a sizeable settlement, Class Counsel managed to avoid these risks.

### C. <u>Amount Offered in Settlement</u>

The potential exposure is estimated to be $27,449,898.63. Han Preliminary Decl. at 51. Considering Defendant's non-admission of liability, the Court may discount the total value of the claims given the risks and costs of continued litigation. Accordingly, the realistic exposure based on the defenses of Defendant could be argued to be somewhere between zero and $1,748,145.06. *Id.* at 59.

A settlement in the amount of $995,000 that is approximately fifty-seven percent (56.92%) of the estimated realistic exposure is within the range of reasonableness. Han Preliminary Decl. at 59. *See Ma*, 2014 WL 360196 at *5 (finding a settlement that is 9.1% of the total value of the action is within the range of reasonableness) (*citing Linney v. Cellular Alaska Partnership*, 151 F. 3d 1234, 1242 (9th Cir. 1998)). A settlement may be fair and reasonable even where it provides only a fraction of what could have been obtained at trial. *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998) (compromise is essence of settlement); *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 455 & n.2 (2nd Cir. 1974) ("that a proposed settlement may only amount to a fraction of the potential recovery does not, in and of itself, mean that the proposed settlement is" inadequate and should be disapproved). Here, the Settlement provides for a Net Settlement Amount of $572,537.04 with the *average* Individual Settlement Payment being $377.17 and the *highest* Individual Settlement Payment being $1,486.32.

### D. <u>Extent of Discovery Completed and the Stage of Proceedings</u>

The amount of discovery completed affects approval of a stipulated settlement because it indicates whether the parties have had an "adequate opportunity to assess the pros and cons of settlement and further litigation." *In re Cylink Sec. Litig.*, 274 F. Supp. 2d 1109, 1112 (N.D. Cal. 2003).

/ / /

As detailed in the Motion for Preliminary Approval of Class Action Settlement, extensive discovery and investigation was conducted by both sides. Plaintiff propounded form interrogatories, special interrogatories, requests for admission, and requests for production of documents. Han Preliminary Decl. at 15-17 The Parties also engaged in several informal discovery sessions to ensure Class Counsel obtained all the necessary documentation and information that would assist them with the mediation process. *Id.* As part of Defendant's production, Plaintiff also reviewed time records, pay records, and information relating to the size and scope of the Class. *Id.* Finally, Class Counsel located and interviewed putative class members to obtain a better understanding of Defendant's practices. *Id.*

**E.    Counsel Believe the Settlement is in the Best Interest of the Class**

The experience and views of counsel also weighs in favor of approving the Settlement. Class Counsel and Counsel for Defendant have substantial experience in prosecuting and negotiating the settlement of class action and employment litigation and concur that the Settlement is fair. Class Counsel have also recommended approval of the Settlement as it is in the best interests of the Class. *See Isby v. Bayh*, 75 F.3d 1191, 1200 (7th Cir.1996) (noting that a district court is "entitled to give consideration to the opinion of competent counsel that the settlement [is] fair, reasonable, and adequate"); *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980) ("[T]he fact that experienced counsel involved in the case approved the settlement after hard-fought negotiations is entitled to considerable weight.") *aff'd*, 661 F.2d 939 (9th Cir. 1981). Class Counsel and Plaintiff strongly believe that the Settlement is a fair, adequate, and reasonable resolution of the Class's dispute with Defendant and is preferable to continued litigation.

/ / /

/ / /

/ / /

NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; POINTS AND AUTHORITIES IN SUPPORT THEREOF

**F.     There are No Objections to the Settlement**

The Court may appropriately infer that the class action settlement is fair, adequate, and reasonable when, among other reasons, few class members object to it. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1291 (9th Cir. 1992); *see also Hanlon*, 150 F.3d at 1027 ("[T]he fact that the overwhelming majority of the class willingly approved the offer and stayed in the class presents at least some objective positive commentary as to its fairness.").

The reaction of the Class Members has been one of overwhelming approval. There have been no objections to the Settlement and only two (2) requests for exclusion from the Settlement. This represents significant support from the Class, and this factor weighs in favor of granting approval. *See Bolton v. U.S. Nursing Corp.*, 2013 WL 5700403, at *2, *4 (N.D. Cal. Oct. 18, 2013) (approving settlement where no objections filed, and one of 2,765 class members requested exclusion from settlement).

## IV.     THE REQUESTED ATTORNEYS' FEES AND COSTS AND ENHANCEMENT PAYMENT ARE REASONABLE

Plaintiff requests the Court approve Class Counsel's application for attorneys' fees of $331,666.66, attorneys' costs of $16,296.29, and Enhancement Payment of $10,000. There have been no objections to the Settlement generally or to these requested amounts. Plaintiff submits that the Attorneys' Fees and Costs, and Enhancement Payment are all warranted and justified considering the work performed over the course of nearly three (3) years and the result achieved on behalf of the certified Class.

/ / /

/ / /

/ / /

## V.    CONCLUSION

Based on the foregoing argument and authority, Plaintiff submits that the standards for final approval of Settlement have been met, and the terms of the Settlement are fair, adequate, and reasonable.

Accordingly, Plaintiff requests that the Court enter an Order in the form proposed and submitted:

1.    Granting final approval to the Settlement in this action;

2.    Approving distribution of the settlement funds to the Class Members pursuant to the terms of the Settlement;

3.    Approving Plaintiff requests for an Enhancement Payment pursuant to the terms of the Settlement;

4.    Approving the request for Attorneys' Fees and Costs pursuant to the terms of the Settlement;

5.    Approving the Settlement Administration Costs pursuant to the terms of the Settlement; and

6.    Entering final judgment as to all Class Members in this lawsuit.


DATED: July 9, 2024                              **JUSTICE LAW CORPORATION**


By:  /s/ Douglas Han
        Douglas Han
        *Attorneys for* Plaintiff